**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CUNEYT AKDIL,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden Otay Mesa Detention Center, et. al.<br><br>                                    Respondents. | Case No.: 26-cv-1583-BJC-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On March 12, 2026, Petitioner Cuneyt Akdil, a citizen of Turkey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He asserts he arrived in the United States in May 2023, turned himself in to the Department of Homeland Security ("DHS") to seek asylum, and was released on an Order of Release on Recognizance. *Id*. ¶¶ 27, 28. Petitioner contends he was unlawfully detained by DHS on March 5, 2026, without explanation, notice, a hearing, or a change in circumstances. *Id*. ¶¶ 33, 38, 45.

Respondents filed a return on March 20, 2026, in which they argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225, but they "acknowledge this Court's prior decisions will control the result here if the Court adheres to its prior decisions." ECF

1

No. 4 at 2.  Respondents do "not oppose the petition and defer[ ] to the Court on the appropriate relief."  *Id*.  Petitioner filed a traverse on March 26, 2026.  ECF No. 3.  He argues Respondents do not specifically address his claim that he was unlawfully detained.

Under applicable regulations, parole[1] is "terminated upon written notice to the [noncitizen]."  8 C.F.R. § 212.5(e)(2).  Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violated his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus.  Respondents shall immediately release Petitioner under the previously determined conditions.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  April 9, 2026

Honorable Benjamin J. Cheeks
United States District Judge

---

[1] Generally, "release on recognizance" during immigration proceedings, is "conditional parole."  *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007); *J.S.H.M v. Wofford*, No. 25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025).

26-cv-1583-BJC-DEB